UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MARYLAND

COLLEGE PARK PENTECOSTAL HOLINESS CHURCH
T/A MARANATHA FELLOWSHIP              *
3828 University Blvd.
College Park, Maryland 20740          *

     PLAINTIFF                        *

VS.                                   *        8:09-CV-02070 PJM

GENERAL STEEL CORPORATION, et al *

     DEFENDANT                        *

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
## OR IN THE ALTERNATIVE TO COMPEL ARBITRATION

     COMES NOW, the Plaintiff, COLLEGE PARK PENTECOSTAL HOLINESS CHURCH, T/A

MARANATHA FELLOWSHIP, (hereinafter "Maranatha") by and through its counsel the Law Offices

of Timothy Guy Smith, P.C. and Timothy Guy Smith, Esquire and files the following Opposition to

Defendant, General Steel Corporation (hereinafter "General Steel") Motion to Dismiss or in the

Alternative to Compel Arbitration respectfully requests that this Court deny Defendant's Motion and as

grounds therefore refers this Court to the Memorandum of Points & Authorities attached hereto and made

a part hereof.

                                   Law Offices of
                                   Timothy Guy Smith, P.C.

                                     /s/

                                 Electronically submitted

                                 _____

                                 Timothy Guy Smith, Esquire
                                 Suite 7-2480 Route 97
                                 Glenwood, Maryland 21738
                                 (301) 854-5433
                                 (410) 489-2314 (410) 489-2315 fax

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on this ____ day of ____ , 2009 a copy of the foregoing was mailed to:

MICHAEL B. BEARD, ESQUIRE
STEPHENS & ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 208
ROCKVILLE, MARYLAND 20850

*COUNSEL FOR DEFENDANT GENERAL STEEL CORPORATION*

_____/s/_____
TIMOTHY GUY SMITH

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MARYLAND

COLLEGE PARK PENTECOSTAL HOLINESS CHURCH
T/A MARANATHA FELLOWSHIP          *
3828 University Blvd.
College Park, Maryland 20740        *

      PLAINTIFF              *

VS.                                *        8:09-CV-02070 PJM

GENERAL STEEL CORPORATION, et al  *

      DEFENDANT              *

## MEMORANDUM OF POINTS & AUTHORITES

I.   THE COMPLAINT

Plaintiff's complaint alleges fraud as a result of information and representations made by General Steel to the Plaintiff in this matter.

In December 2006 and January 2007 a representatives of the parties began discussions regarding the possibilities of the erection of a steel building in College Park, Maryland. Plaintiff's Complaint, ¶6.

As part of those representations, Mr. Davis represented that General Steel would be responsible for handling all zoning, design site planning and general contracting work upon the subject premises and was provided assurances of a turnkey building. **Plaintiff's Complaint ¶ 14**

It was later determined after the execution of the purported contract dated January 11, 2007 and despite the representations of Mr. Davis, that General Steel: 1)  held no licenses to construct buildings in the State of Maryland; 2) had no intention of constructing the building on behalf of Maranatha; 3) that General Steel is not even a valid corporation in the State of Maryland, Colorado or elsewhere, but is the trade name of General Steel Domestic Sales, LLC;  and 4) despite several demands for rescission and a refund of monies paid, General Steel refuses to refund the said monies.

## II.  THE LAW

Defendant appropriately cites that this Court must deny Motion to Dismiss under Rule 12(b) if the Plaintiff has stated a claim for relief that is plausible on its face. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) In this case, Plaintiff has filed an Amended Complaint alleging fraud on behalf of General Steel which would give rise to a rescission of the contract in question.

Plaintiff's Complaint clearly indicates that the false representations made by General Steel during the negotiations of the aforementioned contract. Plaintiff has filed a complaint sounding in fraud, requesting among other things rescission of the contract and judgment against General Steel Domestic Sales, LLC, apparently the undisclosed real party in interest to this contract.

### A)  DOES AN ENFORCEABLE CONTRACT EXIST?

The first issue for this court to resolve in this Motion to Dismiss is whether or not an enforceable contract in fact exists.

In determining whether or not a valid arbitration clause exists, this court must first determine that there is a valid contract. Under §3-206, Annotated Code of Maryland, *Courts & Judicial Proceedings Article,* the validity of an arbitration agreement must be determined by the court as a preliminary matter. Specifically 3-206 provides that " except as otherwise provide in this subtitle, a written agreement to submit any existing controversy to arbitration, or a provision in a written contract to submit to arbitration any controversy arising between the parties in the future is valid and enforceable and is irrevocable, **except upon grounds that exist at law or in equity for the revocation of a contract.**" [emphasis added].

As a result, the question becomes, is there a contract?

To determine whether an agreement to arbitrate is valid the Courts will generally look to state contract law in making this decision. *Hill v. Peoplesoft USA, Inc.* 333 F.Supp.2d , 398 (D. Md. 2004).[1]

---

[1] Under the Federal Arbitration Act a pre-dispute agreement to arbitrate is valid, irrevocable and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract under state law.. 9.U.S.C. §2.

The misrepresentations by one party made prior to contracting between the parties may render the contract voidable by the other party to the contract. However, in order for the representations to have such effect of allowing rescission, the representations must be false, must be of facts, and must be material to the contracting and the rescinding party must have had a right to rely upon the representations. *Synder v. Herbert Greenbaum & Associates, Inc.,* 38, Md. App. 144, 380 A.2d 618 (1977). See also *In Re: Drazenovich,* 292 BR 101 (Md.2003).

Additionally, to permit rescission of the contract for misrepresentation the Plaintiff must show that the false representation of material fact was made and actually relied upon by the Plaintiff. Unlike a tort action for deceit or fraud, the maker of the representations does not need to know of its actual or probable falsity and does not have to act with an intent to deceive. *In Re Adoption Guardianship NOS.T0013003,* 370 Md. 250, 805 A.2d 254 (Md. 2002)

In the instant case, several misrepresentations were made. The most compelling was that that the building would be turnkey and ready for occupancy upon the completion of activities by General Steel Corporation, a non-existent entity.

Additionally, the intentional concealment of the actual parties to the contract for the contract further amounts to fraudulent conduct on the part of the Defendants.

While it is not necessary to prove wrongful conduct in order succeed in establishing a constructive fraud which would justify the rescission of the contract; the Plaintiff must show a breach of a legal or equitable duty which, irrespective of the guilt or fraud of the feasor, the law declares fraudulent because of its tendency to deceive others, to violate a private or public confidence or to injure others.

Maryland law specifically prohibits the use of the term "Corporation" unless in fact the entity is a corporation. Specifically, 1-503 of the *Corporations & Associations Article,* Annotated Code of Maryland specifically prohibits an entity name from containing language stating or implying that the entity organized for a purpose other than is allowed by the entity's articles of incorporation if the entity is a corporation.

Maryland law prohibits a foreign corporation that is not registered in the State to transact business in this state under an assumed name. *See Corporations & Associations Article*, Annotated Code of Maryland 2-106.

In the instant case, all of the contracts, correspondence and agreements of the parties indicate that they were by and between the Plaintiff and General Steel Corporation, an entity which does not exist in Maryland or anywhere else, but rather is the trade name for General Steel Domestic Sale, LLC.[2]

As a result, the foundational question for this Court is to decide in a proceeding other than a Motion to Dismiss or to Compel Arbitration is whether or not a valid arbitration clause exists. If, this Court examines Plaintiff's Complaint, it is clear that Defendant's Motion should be denied.

As the basis formation of a contract is in dispute, this Court must first resolve that issue prior to determining whether or not a valid Agreement to arbitrate exists. As is evidenced by the instant Motion as well as the attachments contained therein, it is apparent a contract was never formed between the parties, and if a contract was formed, rescission is a valid defense to the claim of the exclusivity of the arbitration clause.

At a minimum, the intentional concealment of the identity of the parties in and of itself gives rise to Plaintiff's claim for rescission and as a result, the Defendant's Motion should be dismissed.

Law Offices of
Timothy Guy Smith, P.C.

/s/

Electronically submitted

Timothy Guy Smith, Esquire
Suite 7-2480 Route 97
Glenwood, Maryland 21738
(301) 854-5433
(410) 489-2314 (410) 489-2315 fax

---

[2] Certified copies of relative documents to prove this allegation have been requested and will be supplemented by Plaintiff at a future date.

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this _29_ day of _Syttib_, 2009 a copy of the foregoing was mailed to:

MICHAEL B. BEARD, ESQUIRE
STEPHENS & ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 208
ROCKVILLE, MARYLAND 20850

*COUNSEL FOR DEFENDANT GENERAL STEEL CORPORATION*

TIMOTHY GUY SMITH

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MARYLAND

COLLEGE PARK PENTECOSTAL HOLINESS CHURCH
T/A MARANATHA FELLOWSHIP          *
3828 University Blvd.
College Park, Maryland 20740        *

      PLAINTIFF          *

VS.          *          8:09-CV-02070 PJM

GENERAL STEEL CORPORATION, et al  *

      DEFENDANT          *

# **ORDER**

      **UPON CONSIDERATION**  of the foregoing Motion and same being meritorious it is hereby this        day of        , 200_____ by and through the United States District Court for the Southern District of Maryland hereby

      **ORDERED,**  Defendant's Motion to Dismiss or in the alternative to compel Arbitration is DENIED.


                      _____

                      JUDGE


COPIES TO:

TIMOTHY GUY SMITH, ESQUIRE
SUITE 7-2480 ROUTE 97
GLENWOOD, MARYLAND
ATTORNEY FOR PLAINTIFF

MICHAEL B. BEARD, ESQUIRE
STEPHENS & ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 208
ROCKVILLE, MARYLAND 20850


*COUNSEL FOR DEFENDANT GENERAL STEEL CORPORATION*