UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MARYLAND

COLLEGE PARK PENTECOSTAL HOLINESS CHURCH
T/A MARANATHA FELLOWSHIP           *
3828 University Blvd.
College Park, Maryland 20740           *

    PLAINTIFF           *

VS.           *   8:09-CV-02070 PJM

GENERAL STEEL CORPORATION, et al   *

    DEFENDANT           *

## PLAINTIFF'S SUPPLEMENTAL BRIEF

COMES NOW, the Plaintiff, COLLEGE PARK PENTECOSTAL HOLINESS CHURCH, T/A MARANATHA FELLOWSHIP, (hereinafter "Maranatha") by and through its counsel the Law Offices of Timothy Guy Smith, P.C. and Timothy Guy Smith, Esquire and files the following Supplemental Brief and pursuant to an Order of this Court dated January 8, 2010 providing an additional twenty (20) days to submit a briefing on the issue regarding the enforceability of the arbitration clause due to distance, costs, inconvenience to Plaintiff to arbitrate in Colorado respectfully refers this Honorable Court to the Memorandum of Points & Authorities attached hereto and made a part hereof.

                                        Law Offices of
                                        Timothy Guy Smith, P.C.

                                        Electronically submitted
                                        _____
                                        Timothy Guy Smith, Esquire
                                        Suite 7-2480 Route 97
                                        Glenwood, Maryland 21738
                                        (301) 854-5433
                                        (410) 489-2314 (410) 489-2315 fax

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 24th day of January, 2010 a copy of the foregoing was mailed to:

MICHAEL B. BEARD, ESQUIRE
STEPHENS & ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 208
ROCKVILLE, MARYLAND 20850

*COUNSEL FOR DEFENDANT GENERAL STEEL CORPORATION*

_____
TIMOTHY GUY SMITH

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MARYLAND

COLLEGE PARK PENTECOSTAL HOLINESS CHURCH
T/A MARANATHA FELLOWSHIP           *
3828 University Blvd.
College Park, Maryland 20740       *

    PLAINTIFF                    *

VS.                                *       8:09-CV-02070 PJM

GENERAL STEEL CORPORATION, et al   *

    DEFENDANT                    *

## MEMORANDUM OF POINTS & AUTHORITES

### I. FACTS

Plaintiff is a small religious organization organized in the state of Maryland, operating in College Park, Maryland.

Several years ago the Plaintiff was gifted a piece of property in Prince Georges County and thereafter undertook efforts to raise funds for the erection of their house of worship upon that property. As part of the investigatory process, General Steel Corporation was contacted and brief discussions were undertaken with General Steel's sales agent

Due to the exceptionally limited budget and lack of available funds, the General Steel Corporation offer of a "turnkey" building for the price quoted, and even though the building would be in steel was well within the budget of the Plaintiff. Additionally, the Defendant's offer to have its own architect travel to Maryland to view the site and design the building, as well as the promise to handle all zoning and permitting issues made this Defendant an attractive option.

As a result of the discussions and promises made by the Defendants the Plaintiff executed all documents presented to it without the advice or assistance of counsel and paid to the Defendant a deposit of nearly $100,000.00 representing almost the entire net worth of the church to provide the down payment with the intent of obtaining financing for the remaining balance of the building.

3

Thereafter, modifications were made to the building design and change orders were entered into on behalf of the Plaintiff adding a mezzanine to the building, said mezzanine ultimately being deleted from the package by the Plaintiff due to cost considerations.

Plaintiff continues to hold worship services wherever it can find a location for its membership and has expended all monies in advancing the down payment demanded by General Steel Corporation based upon its representations to them.

A discussion regarding the enforceability of the arbitration clause of the contract on the basis of time, distance and inconvenience is a small part of a multiple part analysis consistently undertaken by both State and Federal Courts in determining such issues as venue under the principle of forum non-convenience.

Most recently, this issue was discussed by the United States Court of Appeals for the 6th Circuit, in *Wong v. Partygaming Ltd.*, 2009 WL, 4893955, (C.A. 6 Ohio). In that case, the three part test in determining the enforceability of a forum selection clause was restated. That three part test consists of (1) whether the clause was obtained by fraud, duress or other unconscionable means; 2) whether the designated forum would ineffectively or unfairly handle the suit; 3) whether the designated forum would be so seriously inconvenient such as requiring the Plaintiff to bring suit there would be unjust.

The *Wong* case restated and reaffirmed historical principals as set forth by other courts. *In D.E.Frey vs. FAS Holdings*, 387 B.R., 799 (U.S.D.C. Colorado 2008). The United States District Court heard an appeal from a bankruptcy decision regarding a forum selection clause. The Frey court indicated that the forum selection clause are entitled to a presumption of validity and that party seeking to nullify said clause bears the burden of proof.

The Frey Court noted that as a preliminary inquiry, a determination of whether or not forum selection clause is valid is evaluated primarily to determine whether or not it is the result of arms length negotiations by sophisticated parties. Once that investigation is undertaken the forum selection clause is to be enforced unless enforcement would be unreasonable under the circumstances.

A party meets the burden of proof of showing unreasonableness if it shows that the clause was procured by fraud or overreaching or that the enforcement would contravene a strong public policy of the forum which suited fraud whether established by statute or judicial decision. *Frey* at 804.

In the instant case, it is clear that the parties were not on equal footing and that the Plaintiff in this matter was not a sophisticated party in the area of building or building construction and the Defendant, by its contradicting contract clauses and very helpful and friendly salesman, clearly are designed to gain the trust of the buyers and prevent them from reviewing the contract carefully.[1]

As was previously demonstrated in Court, the contract prepared by the Defendant, contained multiple ambiguities different type styles and type facings which are nearly impossible to read and understand. By way of example, contract refers to the item being purchased as a building, specifically references such things as insulation, sprinkler systems and HVAC and in other clauses, but excludes erection in very small print.

These ambiguities while readily apparent to someone with expertise in the industry are not readily apparent to a lay person who sees that he is purchasing a building and also sees that the building will carry with it a structural warranty for fifty years thereby leading a reasonable individual to assume that the building will be erected, otherwise the structural warranty would be nonsensical.

In determining whether the arbitration forum selection clause violates the public policy the analysis must be conducted under the Supreme Court standard set forth in *Bremen v. Zata Off-Shore Company*, 407 U.S. 1 92 S.Ct. 1907 (1972) in which the Supreme Court affirmed that a negotiated private agreement, unaffected by fraud, undue influence or overwhelming bargaining power should be given full effect.

---

[1] The contract in this case was faxed January 12, 2007 with a manager approval price which seemingly expired on January 11, 2007.

Additionally, the *Bremen* Court set forth the standard that the contractual choice of forum clause should be held unenforceable if enforcement would contravene strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision.

While this court has instructed further briefing on the issue of inconvenience, Plaintiff would be remise if it did not point out that a preliminary issue for the Court to determine is whether or not the agreement was the result of arm length negotiations by sophisticated parties (*Frey*, supra at 84) and/or was unaffected by fraud (*Bremen*, supra at 1914) and once that inquiry was made, whether or not an inconvenient forum exists.

United States District Court, Central Division, sitting in the Southern District of Iowa in *Zamora Entertainment, Inc. v. William Morris Endeavor Entertainments, LLC*, recently opined in determining whether the forum selection clause is reasonable, an inquiry should include whether the clause was the result of an arms length transaction, the experience and sophistication of the parties involved in the negotiation, the comparative bargaining positions of the parties, and whether they were represented by legal counsel by legal counsel. *Zamora Entertainment, Inc. v. William Morris Endeavor Entertainments, LLC.*, WL 3617496 (S.D. Iowa, 2009)

Many of the factors to be utilized in considering the *Bremen* analysis consists of the identity of the law which governs the construction of the contract; 2) the place of execution of the contract; 3) the place where the transactions had been or were to be performed; 4) the availability of remedies in the designated forum; 5) the public policy of the initial forum state; 6) the location of the parties; the convenience of prospective witnesses; and the accessibility of evidence; 7) the bargaining power of the parties and the circumstances surrounding their dealings; 8) the presence or absence of fraud, undue influence or other extenuating circumstances; and finally, 9) the conduct of the parties. *Medical Legal Consulting Services, Inc. v. Covarrubias*, 648 F. Supp. 153 (D.Md. 1986).

While the issue of fraudulent and inequitable conduct of the Defendants has been fully discussed and will be more fully discussed in the Amended Complaint, being filed by Order of this Court dated January 8, 2010, the following considerations should be discussed in determining whether or not any arbitration should take place and if so, whether it should take place in Colorado.

First, the Defendant in contracting with the Plaintiff for the delivery of (and arguably construction) of the building in Maryland voluntarily chose to subject itself to the jurisdiction of the Maryland Courts.

The Defendants in contracting for the supplying and/or construction of the building in Prince Georges County, Maryland included in its general costs of doing business the cost to perform obligations in the State of Maryland.

Next, as was previously stated and can be verified by independent affidavit for the Court if it so desires, the down payment for the building in question represented practically all of the cash assets of the Plaintiff, Maranatha.

As a result, the economic realities of litigating and/or arbitrating in Colorado present a hardship upon the Plaintiff, which it did not anticipate or undertake at the time of the contract.

As was stated in *Bremen* "the remoteness of the forum might suggest that the agreement was an adhesive one, or that the parties did not have the particular controversy in mind when they made the agreement." *Bremen* at 1918 (1972).

The Defendant, on the other hand is faced with a simple endeavor, as it alleges interpretation of contract, whereby it relies upon its contract as the basis for its defense. Plaintiff on the other hand has alleged various fraudulent activities including violations of consumer protection law both at the State and Federal levels. The proof of those allegations will require the involvement of several witnesses who were involved in the transaction.

The Defendant, Christopher Davis, an alleged sales person of General Steel, has yet to be located or served in this matter and presumably be the only witness on the part of the defense.

Given the respective financial situations of the parties, and given the fact that the Defendant continues to hold nearly $100,000.00 representing the overwhelming portion of the Plaintiff's net worth, it would be inequitable to require the Plaintiff to arbitrate this matter in Denver, Colorado, transporting several witnesses, housing them, involvement of additional counsel and given the historical actions of the Defendants; protracted litigation following an arbitration award.

The ultimate issue in the case is whether or not General Steel Corporation, a fictitious entity has any ties in Colorado, or its chosen state of organization, or another state where some other General Steel namesake has been set up to ultimately handle the deception visited upon the general public.

Given the factors set forth most recently in *Wong* as well as those originally enumerated and set forth by Judge Kaufman in *Medical Legal Consulting Service*, and given the respective equity and financial wherewithal of the parties, and the notorious conduct of the Defendant, this Court should not award the Defendant the privilege of sleeping in its own bed in defending this matter, while the Plaintiff, who hired the Defendant to put a roof over its head, continues to stand in the cold expending monies, time and effort to recover the unlawfully retained monies from the Defendant.

WHEREFORE, the Plaintiff, COLLEGE PARK PENTECOSTAL HOLINESS CHURCH T/A MARANATHA FELLOWSHIP, respectfully requests that this Court order denying Arbitration on the grounds set forth above.

Law Offices of
Timothy Guy Smith, P.C.

Electronically submitted
_____
Timothy Guy Smith, Esquire
Suite 7-2480 Route 97
Glenwood, Maryland 21738
(301) 854-5433
(410) 489-2314  (410) 489-2315 fax

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 24th day of January, 2010 a copy of the foregoing was mailed to:

MICHAEL B. BEARD, ESQUIRE
STEPHENS & ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 208
ROCKVILLE, MARYLAND 20850

*COUNSEL FOR DEFENDANT GENERAL STEEL CORPORATION*

TIMOTHY GUY SMITH

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MARYLAND

COLLEGE PARK PENTECOSTAL HOLINESS CHURCH
T/A MARANATHA FELLOWSHIP         *
3828 University Blvd.
College Park, Maryland 20740     *

    PLAINTIFF                 *

VS.                              *    8:09-CV-02070 PJM

GENERAL STEEL CORPORATION, et al *

    DEFENDANT                 *

## ORDER

**UPON CONSIDERATION** of the foregoing Motion and same being meritorious it is hereby this            day of                   , 2010 by and through the United States District Court for the Southern District of Maryland hereby

**ORDERED,** Defendant's Motion to Dismiss or in the alternative to compel Arbitration is DENIED.

                                                                                                JUDGE

COPIES TO:

TIMOTHY GUY SMITH, ESQUIRE
SUITE 7-2480 ROUTE 97
GLENWOOD, MARYLAND
ATTORNEY FOR PLAINTIFF

MICHAEL B. BEARD, ESQUIRE
STEPHENS & ASSOCIATES, P.C.
ONE CHURCH STREET
SUITE 208
ROCKVILLE, MARYLAND 20850

*COUNSEL FOR DEFENDANT GENERAL STEEL CORPORATION*